# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BEN YEHUDAH WHITFIELD, Inmate #N74277, <br><br> Plaintiff, <br><br> vs. <br><br> DR. RAJENDRA GUPTA and HEALTH PROFESSIONALS LIMITED, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL NO. 04-420-WDS-PMF |

## **MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

This action is before the Court to rule on Plaintiff's motion for relief from the Court's order denying his motion to amend his complaint, filed pursuant to Rule 60 of the Federal Rules of Civil Procedure (Doc. 23). Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). Rule 60(b)(6) is a catch-all provision that provides for relief from judgment for "any other reason justifying relief from the operation of the judgment." However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence . . . parties should not be allowed to escape the consequences of their failure to file a timely appeal by addressing questions of law to the

trial court for reconsideration. That is the function of appellate courts"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In this motion, Plaintiff challenges the Court's denial of his request to amend his complaint pursuant to Fed. R. Civ. P. 20. These arguments do not suggest clerical mistake; instead, these arguments challenge the Court's application of the law to the facts alleged in the complaint, which may be addressed in a direct appeal. Therefore, Plaintiff has not presented any argument warranting relief under Rule 60(b), and the instant motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 5, 2006**

                                      **s/ WILLIAM D. STIEHL**
                                      **DISTRICT JUDGE**