# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BENYEHUDAH WHITFIELD, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 04-CV-420-WDS |
| DR. RAJENDRA GUPTA, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant's motion in limine (Doc. 93), to which plaintiff has filed a response (Doc. 96). Defendant seeks to use non-mutual, collateral estoppel to prevent plaintiff from challenging the factual findings made in plaintiff's prior action, *Whitfield v. Wexford Health Sources, Inc.*, Law No. 03-3113, filed in the United States District Court for the Central District of Illinois. Also before the Court is plaintiff's motion in limine (Doc. 100), to which defendant has not filed a response. Similarly, plaintiff invokes collateral estoppel to prevent defendant from challenging the factual findings made in the same action, *Whitfield v. Wexford Health Sources, Inc.*, Law No. 03-3113.

## BACKGROUND

In plaintiff's prior action, he sued Health Professionals Limited, the healthcare provider for the Pinckneyville Correctional Center (PCC), Dr. Rajendra Gupta, the psychologist at PCC, and several other health care employees at PCC. Dr. Gupta, defendant in the present action, was dismissed from the prior action on April 14, 2004, pursuant to Federal Rules of Civil Procedure 4(m) for plaintiff's failure to timely serve him. Health Professionals Limited was also

terminated from the litigation on that date pursuant to Federal Rules of Civil Procedure 12(b)(6). Plaintiff's case proceeded against the remaining PCC health care providers.

Judge Harold A. Baker entered summary judgment for defendants Carrie Farr, a mental health specialist at PCC, and Debra Little, a part-time nurse at PCC, after extensive briefing by the parties. In the Order granting summary judgment (March 9, 2005, Case No. 03-3113), Judge Baker made a series of undisputed factual findings, some of which addressed the care that defendant Dr. Gupta provided from February 6, 2002, to April 23, 2002.[1] Judge Baker concluded that defendants Farr and Little were entitled to summary judgment on plaintiff's claim that they exhibited deliberate indifference to plaintiff's serious medical, dental, or psychiatric needs.

---

[1] The following factual findings pertain to Dr. Gupta:
"On March 5, 2002, Dr. Gupta, M.D. examined the Plaintiff because of an extensive history of psychiatric problems. Dr. Gupta's note reads: "patient is 33 years old, young adult, appears older than his age. Denies voices, not paranoid or delusional. Has more insomnia and anger within his system. Has poor insight and uses poor judgment. Diagnosis: adjustment disorder with disturbances with conduct/emotion. Plan: no medications were prescribed as client has declined . . .
On March 27, 2002, the Plaintiff was examined by Dr. Gupta, whose diagnosis was generalized anxiety disorder and post-traumatic stress disorder. The plan was to start him on Vistaril and follw-up with Dr. Siddique . . .
On April 19, 2002, Dr. Gupta made the following observations: 'As of this writing (4/19/02), the Plaintiff remains on observation status in the HCU. He is medication non-compliant. Diagnosis: Major depression and personality disorder. Plan: Whitfield can be very convincing regarding expressions of recovery and desire to return to general population. He appears to be amenable to counseling with subsequent behavioral changes. However, the reliability of his self-report is deceiving. Underneath his guise of cooperation lies a very angry man, who at this writing has stated that he would rather not live being subjugated and harassed by the correctional staff. He continues to see himself as the tormented victim who wants to expose the corruption of the IDOC by becoming a martyr. Plaintiff's mental health status is interfering with his ability to make responsible decisions about his life. He continues to be paranoid with suicidal ideations....In view of this, it is recommended that he be transferred to a psychiatric facility that can be better meet his needs."

**LEGAL STANDARD**

Defendant invokes non-mutual, offensive collateral estoppel[2] to prevent plaintiff from challenging the factual findings made during his prior action against Farr and Little. There are four specific elements to issue preclusion: (1) the issue is the same as one involved in the prior action; (2) the issue was actually litigated; (3) the determination of the issue was necessary to the prior judgment; and (4) the party against whom preclusion is invoked was fully represented in the prior action. *Wash. Group Int'l, Inc. v. Bell, Boyd, & Lloyd LLC*, 383 F.3d 633, 636 (7th Cir. 2004). Because collateral estoppel is an equitable doctrine, *Evans v. Katalinic*, 445 F.3d 953, 956 (7th Cir. 2006), it remains within the court's discretion not to allow offensive use of the doctrine, even if the criteria are satisfied, when the court is convinced that it would be unfair to preclude a party from re-litigating an issue. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979).

**ANALYSIS**

Defendant argues that this Court should collaterally estop plaintiff from challenging the findings that Judge Baker made in the prior action, especially those regarding the care that Dr. Gupta provided to plaintiff. Plaintiff argues, in response, that collateral estoppel is inappropriate because Judge Baker's findings with respect to the care that Dr. Gupta provided to plaintiff were not necessary for him to render a judgment in the prior action.[3] Upon review of the record, the

---

[2] This use of collateral estoppel arises when a litigant, who was not party to the prior litigation, invokes collateral estoppel to prevent the opposing party from re-litigating claims or factual issues decided in a prior case. *Boim v. Holy Land Found. For Relief and Dev.*, 511 F.3d 707, 726 (7th Cir. 2007).

[3] Plaintiff argues that "[a] reasonable inference can also be made that Judge Baker did not address the matter of whether the facts in question were deemed as true or untrue because since Dr. Gupta had been dismissed previously from the case, the veracity of his reports were immaterial to determining the merit of the claims against the remaining defendants (Ms. Carrier Farr and Ms. Debra Little) whom Plaintiff also claimed denied him medical treatment."

Court **FINDS** that the factual findings regarding the care that Dr. Gupta provided to plaintiff were not necessary for Judge Baker to render a judgment in the prior action. Because Dr. Gupta had been dismissed from that case prior to judgment, the nature of the care he provided to plaintiff was irrelevant to a determination regarding the alleged indifference that the remaining defendants exhibited towards plaintiff's serious medical, dental, or psychiatric needs. Accordingly, the Court **DENIES** defendant's motion in limine (Doc. 93), to the extent that it seeks to limit plaintiff's ability to challenge Judge Baker's factual findings regarding Dr. Gupta's medical care to plaintiff.

Both plaintiff and defendant seek to prevent the opposing party from challenging the factual findings that Judge Baker made with respect to the care that the remaining defendants in the previous action provided to plaintiff. The Court notes that collateral estoppel is an inappropriate remedy here, where the issues litigated in the prior action lack identity with the issues raised in the current action. *Wash. Group Int'l*, 383 F.3d at 636. Whether Farr and Little, or any of the remaining defendants from the prior action, exhibited deliberate indifference to plaintiff is a separate and distinct issue from whether Dr. Gupta failed to render all available treatment to address plaintiff's needs. Therefore, defendant's motion in limine (Doc. 93), to the extent that it attempts to prevent plaintiff from challenging Judge Baker's factual findings with respect to the care that Farr and Little provided on the grounds of collateral estoppel, is **DENIED**.[4] In addition, plaintiff's motion in limine (Doc. 100), which attempts only to limit defendant from challenging the factual findings from the prior action with respect to defendants other than Dr. Gupta, is **DENIED** on the same grounds.

---

[4] The Court notes, however, that it is not ruling on the admissibility of Judge Baker's findings or on the admissibility of any evidence challenging those findings.

## CONCLUSION

Upon review of the record, the Court **DENIES** defendant's motion in limine (Doc. 93) in its entirety.  The Court further **DENIES** plaintiff's motion in limine (Doc. 100) in its entirety.

**IT IS SO ORDERED.**

**DATED: June 25, 2008**

                  **s/ WILLIAM D. STIEHL**
                     **District Judge**