# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| BENYEHUDAH WHITFIELD, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 04-CV-420-WDS |
| DR. RAJENDRA GUPTA, | ) |  |
| Defendant. | ) |  |

## O R D E R

**STIEHL, District Judge:**

Before the Court is defendant's motion in limine addressed to expert testimony (Doc. 94) to which plaintiff has filed a response (Doc. 97) and a notice of compliance (Doc. 102). In a related filing, plaintiff has filed motion for issuance of subpoenas (Doc. 103). Because these are all interrelated, the Court will consider them collectively.

In his motion in limine, the defendant seeks to bar plaintiff from offering, at trial, the testimony of any expert because he had not, as of the filing of the motion, complied with the applicable disclosure requirements of Fed. R. Civ. P. 26(a)(2). Notably, this motion was filed before the Final Pre-Trial Conference. At that hearing, the Court directed the plaintiff to provide a list of potential witnesses and what the expected testimony was of each witness. Plaintiff has now done that (Doc. 102).[1] Plaintiff is proceeding pro se and has not specifically identified witnesses as "experts" per se. The Court will, however, give his submissions the most broad reading to determine if he is entitled to the expert testimony he seeks, along with general witnesses listed in his compliance filings. Accordingly, the Court **DENIES** defendant's motion

---

[1] The Court will also refer to plaintiff's prior compliance (Doc. 79) which details expected testimony of potential witnesses.

in limine.

Plaintiff's claim, as set forth in the complaint, is that the defendant, Dr. Gupta, during the months of February and March of 2002, ignored his requests for psychiatric treatment after being advised by plaintiff that he was suffering from anxiety attacks, leading to his allegedly suffering from major depression and suicide feelings. Plaintiff claims that during this time he requested to be placed on medicine for his symptoms, but his requests were denied and he continued to suffer anxiety attacks. He claims that the defendant acted with deliberate indifference to his serious medical needs.

As an alternative, the plaintiff asserts that even if the defendant offered plaintiff medication for his condition, which the plaintiff then rejected, the defendant was under an obligation to counsel the plaintiff on alternative therapies and treatments which were available to him for his anxiety condition. The Court (will / will not) allow plaintiff to proceed on this alternative theory of recovery.

Finally, plaintiff seeks to further extend his cause of action to include a claim that the Illinois Department of Corrections (IDOC) has a pattern or policy of denying medical treatment to inmates in general. The Court will not, at this juncture, allow the plaintiff to expand his cause of action in this manner. Such a claim would be against IDOC, not against the individual defendant, Gupta, and is beyond the matters raised in his complaint. This is not a situation where the Court would allow the plaintiff to amend the complaint to include this claim against a defendant such as IDOC.

In light of this ruling, the Court **GRANTS** in part and **DENIES** in part plaintiff's motion for issuance of subpoenas as follows:

1. The highest ranking mental health expert employed by IDOC. In this request,

plaintiff does not identify this individual, nor what he or she would testify to, other than the nature of plaintiff's illness and available treatments within IDOC for that illness. In light of the speculative nature of this testimony, particularly since the individual is not even identified, plaintiff's request for this witness is **DENIED**.

2. Dr. John B. Stiles. Plaintiff's request for a subpoena for Stiles is **DENIED**. Stiles treated plaintiff at another facility, and his medical records would contain the information that plaintiff seeks to elicit from this witness. Plaintiff can introduce, at trial, his prior medical records and treatment as of the time he was admitted to Dr. Gupta's care at Pinckneyville.

3. Julius Flagg, Assistant Warden, Pinckneyville. Plaintiff indicates that he wants Flagg's testimony as to treatment programs which are available at the facility. Plaintiff's motion is **GRANTED** as to Flagg.

4. Dr. Rosalina Gonzales. Plaintiff seeks her testimony as to her personal observations regarding plaintiff's treatment at Pinckenyville Correctional Center. Plaintiff's motion as to Gonzales is **GRANTED**.

5. Lida Fritts, correctional counselor at Pinckneyville. The Court **DENIES** plaintiff's motion as to Fritts, because her testimony would be merely duplicative of other witnesses.

6. Jeannette Moore, correctional counselor at Pinckneyville. The Court **DENIES** plaintiff's motion as to Moore, because her testimony would be merely duplicative of other witnesses.

7. Carrie Farr. The Court **GRANTS** the motion as to Farr, and plaintiff may call her at trial to testify as to referrals she received from the defendant regarding plaintiff's treatment; her experience as a mental health specialist; plaintiff's complaints about panic attacks and

anxiety; and, her evaluations and diagnosis of plaintiff's medical issues.

8. Almeda Ball-Tylor. The Court **DENIES** plaintiff's motion as to Ball-Taylor, because her testimony would be merely duplicative of other witnesses.

9. Dr. Farazana Siddiqui. Plaintiff seeks his testimony as an expert as to alternative treatments available, other than medication, for plaintiff's condition, including whether the defendant's actions were within normal practice and procedure for this type of condition. The plaintiff's motion is **GRANTED** and he shall be allowed to offer the expert testimony of Dr. Siddiqui.

10. Christine Mitchell-Brown. Plaintiff seeks her testimony as to complaints he made about not receiving treatment and what how she responded. Initially, the Court notes that she is not a defendant, so her response to his complaints is not relevant to the claim against the defendant. Moreover, her testimony would be merely duplicative of other witnesses on the issue of plaintiff's complaint and grievance procedure, therefore, the motion as to Mitchell-Brown is **DENIED**.

11. Delgrata Hudson. The motion is **GRANTED** as to this witness. She may testify as to the investigation that followed the filing of the grievance by plaintiff.

12. Dean Blades. His testimony would be merely duplicative of other witnesses on the issue of plaintiff's complaint and grievance procedure, therefore, the motion as to Blades is **DENIED**.

13. Head Litigation Coordinator for IDOC. This request is **DENIED** because the Court will not allow plaintiff to proceed on his claim relative to IDOC policy.

14. Jim Sandage. This request is **DENIED** because the Court will not allow plaintiff to proceed on his claim relative to IDOC policy.

15. An employee of IDOC to authenticate records. This request is **DENIED** because the Court will not allow plaintiff to proceed on his claim relative to IDOC policy.

The Court **FURTHER DIRECTS** plaintiff's counsel to prepare subpoenas for the witnesses as approved by the Court. Service of process shall be promptly made by the United States Marshal's Service.

**IT IS SO ORDERED.**

**DATED:** July 31, 2008

                                                              s/ **WILLIAM D. STIEHL**
                                                                    **District Judge**